PER CURIAM.
The Juvenile Court Rules Committee has filed a petition proposing amendments to the Florida Rules of Juvenile Procedure based on a request from this Court that the committee propose “fast track” rule amendments in response to the 2004 Florida Legislature’s amendment of various Florida Statutes. We have jurisdiction. See art. V, § 2(a), Fla. Const.; Fla. R. Jud. Admin. 2.130(f).
The committee proposes amending the following three rules and two forms: Rule 8.041, Witness Attendance and Subpoenas, Rule 8.225, Process, Diligent Searches, and Service of Pleadings and Papers, Rule 8.415, Judicial Review of Dependency-Cases, Form 8.929, Detention Order, and Form 8.947, Disposition Order — Delinquency. The proposals were published by The Florida Bar and the Court in the August 15, 2004, and the October 1, 2004, editions of The Florida Bar News, respectively, and comments were invited. No comments were received.
Having considered the petition, we adopt the committee’s proposals. We amend Rules 8.041, Witness Attendance and Subpoenas, and 8.225, Process, Diligent Searches, and Service of Pleadings and Papers, to provide that issuance of subpoenas shall be as provided in the Florida Rules of Civil Procedure. Subpoenas duces tecum are excluded from rule 8.041(b)(1) because specific language regarding these subpoenas is already located in subdivisions (c) and (d) of rule 8.041.
We amend Rule 8.415, Judicial Review of Dependency Cases, to create new subdivision (f)(4) which sets forth a procedure for finding the Department of Children and Families in contempt for failing to comply with its obligations under a case plan or in provision of independent living services. This amendment conforms the rule to section 39.701, Florida Statutes (2004) (“Judicial Review”), which was amended in 2004 to create a procedure by which a court could find the department in contempt under the aforementioned circumstances. See ch. 2004-362, § 2, Laws of Fla.
We amend Form 8.929, Detention Order, to incorporate provisions governing the cost of supervision and care to be assessed against parents when an allegedly delinquent child is in detention status and under the supervision of the Department of Juvenile Justice (DJJ). This amendment is in response to the 2004 Legislature’s creation of section 985.2311, Florida Statutes (2004), which sets forth how much and when parents must pay for the costs of care or supervision of a child by DJJ. See ch. 2004-241, § 1, Laws of Fla. Further, additional, primarily editorial, changes have been made to this form.
Finally, as with form 8.929, we amend Form 8.947, Disposition Order — Delinquency, to incorporate provisions governing the cost of supervision and care to be assessed against parents for delinquent children in the custody of or under the supervision of DJJ, pursuant to 2004 changes to the Florida Statutes. See ch. 2004-241, § 1, Laws of Fla.
Accordingly, we amend the Florida Rules of Juvenile Procedure as reflected in the appendix to this opinion. New language is indicated by underscoring; deletions are indicated by struck-through type. The amendments shall become effective immediately.
It is so ordered.
PARIENTE, C.J., and WELLS, ANSTEAD, LEWIS, QUINCE, CANTERO, and BELL, JJ., concur.
*49 APPENDIX
RULE 8.041 WITNESS ATTENDANCE AND SUBPOENAS
(a) Attendance. A witness summoned by a subpoena in an adjudicatory hearing shall remain in attendance at the adjudicatory hearing until excused by the court or by both parties. A witness who departs without being excused properly may be held in criminal contempt of court.
(b) Subpoenas Generally.
(1) Subpoenas for testimony before the court and subpoenas for production of tangible evidence before the court may be issued by the clerk of the court, by any attorney of record in an action, or by the court on its own motion.
(2) Except as otherwise required by this rule, the procedure for issuance of a subpoena (except for a subpoena duces tecum) by an attorney of record in a proceeding shall be as provided in the Florida Rules of Civil Procedure.
(c) Subpoenas for Testimony or Production of Tangible Evidence.
(1) Every subpoena for testimony or production of tangible evidence before the court shall be issued by an attorney of record in an action or by the clerk under the seal of the court. The subpoena shall state the name of the court and the title of the action and shall command each person to whom it is directed to attend and give testimony or produce evidence at a time and place specified.
(2) On oral request of an attorney of record, and without a witness praecipe, the clerk shall issue a subpoena for testimony before the court or a subpoena for tangible evidence before the court. The subpoena shall be signed and sealed but otherwise blank, both as to the title of the action and the name of the person to whom it is directed. The subpoena shall be filled in before service by the attorney.
(d)Subpoenas for Production of Tangible Evidence. If a subpoena commands the person to whom it is directed to produce the books, papers, documents, or tangible things designated in it, the court, on motion made promptly and in any event at or before the time specified in the subpoena for compliance with it, may
(1) quash or modify the subpoena if it is unreasonable and oppressive, or
(2) condition denial of the motion on the advancement by the person in whose behalf the subpoena is issued of the reasonable cost of producing the books, papers, documents, or tangible things.
RULE 8.225. PROCESS, DILIGENT SEARCHES, AND SERVICE OF PLEADINGS AND PAPERS
(a) Summons and Subpoenas.
(1) Summons. Upon the filing of a dependency petition, the clerk shall issue a summons. The summons shall require the person on whom it is served to appear for a hearing at a time and place specified not less than 72 hours after service of the summons. A copy of the petition shall be attached to the summons.
(2) Subpoenas. Subpoenas for testimony before the court, for production of tangible evidence, and for taking depositions shall be issued by the clerk of the court, the court on its own motion, or any attorney of record for a party. Subpoenas may be served within the state by any person over 18 years of age who is not a party to the proceeding. In dependency and termination of parental rights proceedings, subpoenas also may also be served by authorized agents of the department or the guardian ad litem. Except as otherwise required by this rule, the procedure for issuance of a subpoena by an attorney of record in a proceeding shall be *50 as provided in the Florida Rules of Civil Procedure.
(3) Service of Summons and Other Process to Persons Residing in the State. The summons and other process shall be served upon all parties other than the petitioner as required by law. The summons and other process may be served by authorized agents of the department or the guardian ad litem.
(A) Service by publication shall not be required for dependency hearings and shall be required only for service of summons in a termination of parental rights proceeding for parents whose identities are known but whose whereabouts cannot be determined despite a diligent search. Service by publication in these circumstances shall be considered valid service.
(B) The failure to serve a party or give notice to a participant in a dependency hearing shall not affect the validity of an order of adjudication or disposition if the court finds that the petitioner has completed a diligent search that failed to ascertain the identity or location of that party.
(C) Personal appearance of any person in a hearing before the court eliminates the requirement for serving process upon that person.
(4) Service of Summons and Other Process to Persons Residing Outside of the State in Dependency Proceedings.
(A)Service of the summons and other process on parents, parties, participants, petitioners, or persons outside this state shall be in a manner reasonably calculated to give actual notice, and may be made:
(i) by personal delivery outside this state in a manner prescribed for service of process within this state;
(ii) in a manner prescribed by the law of the place in which service is made for service of process in that place in an action in any of its courts of general jurisdiction;
(iii) by any form of mail addressed to the person to be served and requesting a receipt; or
(iv) as directed by the court. Service by publication shall not be required for dependency hearings.
(B) Notice under this rule shall be served, mailed, delivered, or last published at least 20 days before any hearing in this state.
(C) Proof of service outside this state may be made by affidavit of the person who made the service or in the manner prescribed by the law of this state, the order pursuant to which the service is made, or the law of the place in which the service is made. If service is made by mail, proof may be in a receipt signed by the addressee or other evidence of delivery to the addressee.
(D) Personal appearance of any person in a hearing before the court eliminates the requirement for serving process upon that person.
(b) Paternity Inquiry and Diligent Search.
(1) Identity Unknown. If the identity of a parent is unknown, and a petition for dependency, shelter care, or termination of parental rights is filed, the court shall conduct the inquiry required by law. The information required by law may be submitted to the court in the form of a sworn affidavit executed by a person having personal knowledge of the facts.
(2) Location Unknown. If the location of a parent is unknown and that parent has not filed a permanent address designation with the court, the petitioner shall undertake a diligent search as required by law.
*51 (3) Affidavit of Diligent Search. If the location of a parent is unknown after the diligent search has been completed, the petitioner shall file with the court an affidavit of diligent search executed by the person who made the search and inquiry..
(4) Continuing Duty. After filing an affidavit of diligent search in a dependency or termination of parental rights proceeding, the petitioner, and, if the court requires, the department, are under a continuing duty to search for and attempt to serve the parent whose location is unknown until excused from further diligent search by the court. The department shall report on the results of the continuing search at each court hearing until the person is located or until further search is excused by the court.
(5) Effect of Paternity Inquiry and Diligent Search.
(A) Failure to serve parents whose identity or residence is unknown shall not affect the validity of an order of adjudication or disposition if the court finds the petitioner has completed a diligent search.
(B) If the court inquiry fails to identify any person as a parent or prospective parent, the court shall so find and may proceed without further notice.
(C) If the inquiry, diligent search, or subsequent search identifies and locates any person who may be a parent or prospective parent, the court shall require notice of the hearing to be provided to that person. That person must then be given an opportunity to become a party to the proceedings by completing a sworn affidavit of parenthood and filing it with the court or the department.
(c) Notice and Service of Pleadings and Papers.
(1)Notice of Arraignment Hearings in Dependency Cases. Notice of the arraignment hearing must be served on all parties with the summons and petition. The document containing the notice to appear in a dependency arraignment hearing must contain, in type at least as large as the balance of the document, the following or substantially similar language: “FAILURE TO PERSONALLY APPEAR AT THE ARRAIGNMENT HEARING CONSTITUTES CONSENT TO THE ADJUDICATION OF THIS CHILD (OR THESE CHILDREN) AS A DEPENDENT CHILD (OR CHILDREN) AND MAY ULTIMATELY RESULT IN LOSS OF CUSTODY OF THIS CHILD (OR THESE CHILDREN).”
(2) Notice of Assessment of Child Support. Other than as part of a disposition order, if the court, on it own motion or at the request of any party, seeks to impose or enforce a child support obligation on any parent, all parties and participants are entitled to reasonable notice that child support will be addressed at a future hearing.
(3) Notice of Hearings to Participants and Parties Whose Identity or Address are Known. All participants and parties whose identity and address are known must be notified of all proceedings and hearings ■ subsequent to the initial hearing, unless otherwise provided by law. Notice to parents in proceedings involving shelter hearings and hearings resulting from medical emergencies must be that which is most likely to result in actual notice. It is the duty of the petitioner or moving party to notify all participants and parties known to the petitioner or moving party of all hearings subsequent to the initial hearing, except hearings which must be noticed by the court. Additional notice is not required if notice was provided to the parties in writing by the court or is contained in prior court orders and those orders were provided to the participant or party.
*52 (4) Service of Pleadings, Orders, and Papers. Unless the court orders otherwise, every pleading, order, and paper filed in the action after the initial petition, shall be served on each party or the party’s attorney. Nothing herein shall be construed to require that a plea be in writing or that an application for witness subpoena be served.
(5) Method of Service. When service is required or permitted to be made upon a party or participant represented by an attorney, service shall be made "upon the attorney unless service upon the party or participant is ordered by the court.
(A) Service is excused if the identity or residence of the party or participant is unknown and a diligent search for that person has been completed in accordance with law.
(B) Service upon the attorney shall be made by delivering a copy to the attorney or by mailing it to the attorney’s last known address.
(C) Delivery of a copy within this rule shall mean:
(i) handing it to the attorney;
(ii) leaving it at the attorney’s office with the person in charge thereof;
(iii) if there is no one in charge of the office, leaving it a conspicuous place therein; or
(iv) transmitting it by facsimile to the attorney’s or party’s office with a cover sheet containing the sender’s name, firm, address, telephone number, and facsimile number, the number of pages transmitted, and the recipient’s facsimile number. When service is made by facsimile, a copy shall also be served by any other method permitted by this rule. Facsimile service occurs when transmission is complete.
(D) If the party or participant is not represented by an attorney, service of all pleadings or papers shall be upon the party or participant. Service may be made by mail to the party’s or participant’s permanent mailing address, if one has been provided to the court; to the last known address, if a- permanent mailing address has not been provided to the court; or by leaving it at their usual place of abode with some person of their family above 15 years of age and informing such person of the contents.
(E)Service by mail shall be complete upon mailing.
(6) Filing. The filing of pleadings and other papers with the court as required by these rules shall be made by filing the original with the clerk of the court either before service or immediately thereafter. The court may permit the papers to be filed with it, in which event the filing date shall be noted thereon and the papers shall be transmitted to the office of the clerk.
(7) Certificate of Service. When any authorized person shall in substance certify:
“I certify that a copy/copies has/have been furnished to (insert names or names) by (delivery) (mail) (fax) on (date).
Title”
this certificate shall be taken as prima facie proof of such service in compliance with all rules of court and law. The certificate must be signed by the attorney of record, clerk or deputy clerk, judicial assistant, or judge.
RULE 8.415. JUDICIAL REVIEW OF DEPENDENCY CASES
(a) Required Review. All dependent children shall have their status reviewed as provided by law.
(b) Scheduling Hearings.
*53 (1) Initial Review Hearing. The court shall determine when the first review hearing shall be held and the clerk of the court shall immediately schedule the review hearing. In no case shall the hearing be scheduled for later than 6 months from the date of removal from the home or 90 days from the disposition or case plan approval hearing, whichever comes first. In every case, the court must conduct a judicial review at least every 6 months.
(2) Subsequent Review Hearings. At each judicial review hearing, the court shall schedule the next judicial review hearing which shall be conducted within 6 months. The clerk of the court, at the judicial review hearing, shall provide the parties with written notice of the date, time, and location of the next judicial review hearing.
(c) Report. In all cases, the department or its agent shall prepare a report to the court. The report shall contain facts showing the court to have jurisdiction of the cause as a dependency case. It shall contain information as to the identity and residence of the parent, if known, and the legal custodian, the dates of the original dependency adjudication and any subsequent judicial review proceedings, and a request for one or more of the following forms of relief:
(1) that the child’s placement be changed;
(2) that the ease plan be continued to permit the parents or social service agency to complete the tasks assigned to them in the agreement; or
(3) that proceedings be instituted to terminate parental rights and legally free the child for adoption.
(d) Service. A copy of the report containing recommendations and, if not previously provided by the court, a notice of review hearing shall be served on all persons who are required by law to be served at least 72 hours before the judicial review hearing.
(e) Information Available to Court. At the judicial review hearing the court may receive any relevant and material evidence pertinent to the cause. This shall include written reports required by law and may include, but shall not be limited to, any psychiatric or psychological evaluations of the child or parent, caregiver, or legal custodian that may be obtained and that are material and relevant. This evidence may be received by the court and relied on to the extent of its probative value, even though it may not be competent in an adjudicatory hearing.
(f) Court Action.
(1) The court shall hold a hearing to review the compliance of the parties with the case plan and to determine what assigned tasks were and were not accomplished and the reasons for any nonac-hievement.
(2) If the court finds that the parents have substantially complied with the case plan, the court shall return the child to the custody of the parents if the court is satisfied that reunification will not be detrimental to the child’s safety, well-being, or physical, mental, or emotional health.
(3) If the court finds that the social service agency has not complied with its obligations, the court may find the social service agency to be in contempt, shall order the social service agency to submit its plan for compliance with the case plan, and shall require the social service agency to show why the child could not be safely returned to the home of the parents. If the court finds that the child could not be safely returned to the parents, it shall extend the case plan for a period of not more than 6 months to allow the social *54 service agency to comply with its obligations under .the ease plan.
(4) At any judicial review held under section 39.701(6), Florida Statutes, if, in the opinion of the court, the department has not complied with its obligations as specified in the written case plan or in the provision of independent living services as required by sections 39.701(6) and 409.1451, Florida Statutes, the court shall issue a show cause order. If cause is shown for failure to comply, the court shall give the department 30 days within which to comply and, on failure to comply with this or any subsequent order, the court may hold the department in contempt.
(45) If, at any judicial review hearing, regardless of the expiration date of the case plan, the court finds that the parents have not substantially complied with the case plan to the degree that further reunification efforts are without merit, the court may order the social service agency to initiate a termination of parental rights proceeding. If the court finds that an order initiating a termination of parental rights proceeding would not be in the child’s best interests; that the parents in good faith attempted to comply with the terms of the plan but need more time to accomplish their assigned "tasks and believes the parents will accomplish them; or, by clear and convincing proof, that the situation of the child is so extraordinary that the case plan should be extended, the court may extend the time limitation for the plan or modify the terms of the plan. No plan shall be extended for a period longer than 6 months. At the expiration of the extended plan, the court shall again review the child’s status.
(56) When a child is returned to the parents, the court shall not terminate its jurisdiction over the child until 6 months after the return. Based on a report of the department and any other relevant factors, the court shall then determine whether jurisdiction should be continued or terminated. If its jurisdiction is to be terminated, it shall enter an order to that effect.
(67) When a child has not been returned to the parent, but has been permanently committed to the department for subsequent adoption, the court shall continue" to hold judicial review hearings on the status of the child at least every 6 months until the adoption is finalized. These hearings shall be held in accordance with these rules.
(78) The court shall enter a written order on the conclusion of the review hearing including a statement of the facts, those findings it was directed to determine by law, a determination of the future course 'of the proceedings, and the date, time, and place of the next hearing.
(g) Administrative Review. The department, under a formal agreement with the court in particular cases, may conduct administrative reviews instead of judicial reviews for children in out-of-home placement. Notice must be provided to all parties. An administrative review may not be substituted for the first judicial review or any subsequent 6-month review. Any party may petition the court for a judicial review as provided by law.
Committee Notes
1991 Adoption. The rule allows for certain forms of relief pertinent to foster care review. It allows the court to order commencement of a termination of parental rights proceeding if the parents are not in compliance. The court also is also permitted to extend or modify the plan.
FORM 8.929. DETENTION ORDER
DETENTION HEARING ORDER TH-E-CO-URT-findi-ng-that .(name of child). — was taken into — custody a.m./p.m. on ... ■.. (date) ....■., and having reviewed all available information, *55 that probable cause .exists/must be further determined. — to- believe — the child is delinquent within the meaning of the laws of Flor-iday-a-ad
FURT-H-E-R FINDING- that-the-ehild4s alleged to- have-eommitted:
.an offense-that involves the use of a firearm, as defined-ia-FrS. 790.001.
.an offense-during the commission of which the child-possessed a firearm. .escape-or-abseond-mg.
.-.. .- ■•■a-violation of probation or condifcional release;
■ i-.. ■■ .■ -a-delinquent act and has requested in writing through legal counsel-to.be detained for-protection from imminent physical threat to hls/her-safet-yr
. a capital-life felony, life felony, or second degree-felony that does not involve a violation -of-F-S. Chapter 893 (Drug Abuse Prevention and - Control-b
.a-violent-fhird degree felony.'
...■; -a-second — degree or third degree felony involving a violation ■ of F.S-Chapter-89g.
.a third degree-felony-that-is-not-also a crime of violence^ and has
.a record for failure to appear at court ■ hear-ings-after-being properly notifiedT
.a record of law violations prior to court hearings.
.been detained-or has been released-and-is-aw-aiting-final-disposition of the case,
.a record of violent conduct re-
sulting in physical injury to others. ....... .-been found to-be in-possession of a-firear-m.-
... an act of domestie-violenee--as-de-fined in F.S. 741.28(1), and the following conditions exist;
a-resplte-home-or— similar— authorized residential facility is not available; -or
.it is necessaay-to-plaoe-the-ohi-ld in detention care to protect the victim from^ further injury.
... failure to appear and the child previously has willfully failed to appear for an adjudicatory hearing on the same case and the child was detained within 72 hours-oRhis/hen-hearingr
failure to appear and-the-ehlld -previously has' failed to appear at two or and the child was — detained within 72 hours of his/her next court hearing.
[[Image here]]
Pick up order for absconding from:
. home detention
. probation
. commitment
. other: .
Present before the court:
. the child;
. .(name)., Assistant State Attorney;
. .(name)., Assistant Public Defender/defense attorney;
. (name)., parent/legal guardian;
. (name)., DJJ juvenile probation officer;
. (name)., Department of Children and Family Services
. (name)., guardian ad litem
DJJ Supervision status:
. None
. Home detention
. Probation
. Committed to.level
. CINS/FINS
. Conditional release
*56 Other court involvement:
Dependency: Yes.No.Unknown
Domestic relations: Yes.No.Unknown
Domestic violence: Yes.No.Unknown
The court finds that the child was taken into custody at .'- a.m./p.m., on .(date).
Probable cause that the child committed delinquent acts was:
.found.
.. I.. not found.' .
.reset within 48 hours of custody.
Risk assessment instrument (RAI) score:
.Score amended to: .
.Meets detention criteria.
IT IS ORDERED that the above-named child be:
. released' to the custody of
.(name).
.held in secure detention for domestic violence charge under section 985.213(2)(b)3, Florida Statutes. The
court finds:
. respite care is not available for the child; and
.it is necessary to place the child in secure detention to protect the victim from injury.
. detained by the Department of Juvenile Justice in
.secure detention;-
.nonsecure detenliorq-or
■.home detention-eare?
with the follovdng-speeial-eQnd-itiQns^
------electronic monitoring.
to be screened for transfer to home' detention care.
. to be detained for 72 hours from the time the child-was-taken into custody so that a determination of probable cause may be^ made.-
.other — specify.
[[Image here]]
[[Image here]]
.home detention.
. home detention with electronic monitoring.
.secure detention.
with the following special conditions:
.attend school regularly.
.attend evaluation as follows:
.physical.
.psychological.
.ADM.
.other.
. no (. harmful) contact with
.(name).
.drug testing.
.no drug and alcohol use.
.other: .
Reasons for court ordering more restrictive placement than RAI score:
[[Image here]]
It is FURTHER ORDERED that unless an adjudicatory hearing has begun or a subsequent modification order is entered, the child shall be released no later than 5:00 p.m. on .(date). to .(name(s))., who is/are
.the parent(s)
.a relative
.foster care
. program
.him/her.self
. other .
IT IS FURTHER ORDERED under ihSvsection 985.215(6)985.2311, Florida Statutes
. The parent/guardian of the child,
.(name)., shall pay to the Department of Juvenile Justice, 2737 Cen- *57 terview Drive, Tallahassée, FL 32399-3100, or to the-clerk of the circuit court, $5 per day for each day the juvenile is in secure detention-status.
$.per day..This amount-will-he ■no-less-than $2 per day for secure detention--place-menL-or-$l per day for home detention-supervisión.-; ... The parent/guardian of the child; .(name)., shall pay --to-the-Department of Juvenile-Jusfieer-2?3-7-Gen-terview Drive — Tallahassee, FL 32399-Q 1 flfl r\t> fn flip /^lo-plr n-P fVio m win if
This maintenance-fee-is-reduced-due to a finding by the-court-of
.inability-to-pay — or
.indigency.
... The parent or guardian of the child, -■.-.-■■-(-name)., shall pay to the Department of Juvenile Justice, 2737 Cen-terview Drive, Tallahassee^.F-L-32399-3100, or to the clerk of the- circuit court.
per day, or 4*
--■-¡-.-fee-fee is waived. — This waiver is based on a finding- by the court feat-fee-parent or guardian:
.was the victim of the delin-act or - violation ■ of law for the child is currently de-quent which tained and- is-cooperating-in-fee-investigation of the offense;
.has made a diligent and good from engaging in the delinquent act or violation of law; or
■;■■ ■■■ ¡ ■ i -.has- -shown — that-he/she/they would suffer a significant hardship if-required-to-pay-any-amou-nt.-
The parent/guardian of the child, .. (name)., shall pay to the Department of Juvenile Justice, 2737 Cen-terview Drive, Tallahassee, FL 32399-3100, $1 per day for each day the child is in home detention.
The parent/guardian of the child, .. (name)., shall pay to the Department of Juvenile Justice, 2737 Cen-terview Drive, Tallahassee, FL 32399-3100, a REDUCED rate of $.per day for each day the child is in detention status. This reduced fee is based on the court’s finding
victim of the delinquent act or violation of law for which the child is currently detained and is cooperating in the investigation of the offense; or . of indigency or significant financial hardship. The facts supporting this finding are: . .that the parent/guardian was the
. The parent/guardian of the child, .(name).,.(address)., shall be liable for .% of the payment. The parent/guardian of the child, .(name)., .(address)., shall be liable for .% of the payment.
. The .supervision fee/cost of care. is WAIVED based on the court’s finding
.that the parent/guardian was the victim of the delinquent act or violation of law for which the child is currently detained and is cooperating in the investigation of the offense; or . of indigency or significant financial hardship. The facts supporting this finding are: .
If the child’s case is dismissed or if the child is found not guilty of the charges or court order, then the parent/guardian shall not be liable for fees under this order.
IT IS FURTHER ORDERED that under F.S. -Q8&£tj>(2) the child shall be released from detention care by 5:00 p.m. on ¡ (date)¡.;. if an-adjudicatory-hearing has not commenced in this case. — tfe-der-F-g-.-985-.-2-l-5(-g)(d-)-fee-eourt may issue a further order extending this detention period.
*58 Unless modified by subsequent notice, the NEXT COURT APPEARANCE:
. will be at .(time). on .(date). at '' .(location).
.is to be set.
Note: The child’s parent/legal guardian shall advise Clerk’s Office and DJJ of any address change.
.Department of Juvenile Justice shall transfer the child to .Detention Center.
.Other: .
DONE AND ORDERED in . County, Florida at .a.m./p.m. on.(date).
Circuit Judge
Copies to: .
FORM 8.947. DISPOSITION ORDER 3= DELINQUENCY
DISPOSITION ORDER
A petition was filed on.(date)., alleging .(name)., . age, to be a delinquent child. The court finds that it has jurisdiction of the proceedings.
Present before the court were:
.the child;
.(name)., Assistant State Attorney;
.(name)....., Assistant Public Defender/defense attorney;
.(name)., guardian;
.(name)., DJJ juvenile probation officer.
At the hearing on.(date)., after .entry of a plea/an adjudicatory hearing., the child was found to have committed the delinquent acts listed below:
Count Count Count Count
Charge .
Lesser .
Maximum . .
Degree ’ .■.
Guilty .
Nolo contendere .
Nolle prosse .
Adjudicated . .
Adj. withheld .
The predisposition report was .received and considered/waived by the child.
The court, having considered the evidence- and comments offered by those present, having inquired; and being otherwise fully advised in the premises ORDERS THAT:
.Adjudication of delinquency is withheld.
.The child is adjudicated delinquent and
.committed to .a licensed child-caring agency/the Department of Juvenile Justice. for placement in .risk residential program, for an indeterminate period, but no longer than the child’s .19th/21st. birthday or the maximum term of imprisonment an adult may serve for each count listed above, whichever - comes first. The child is allowed . days credit for time spent in secure detention or incarceration before this date. The child shall be placed in .home detention care .with/without. electronic monitoring/secure detention J_LJ_:_until placement.
. placed in the serious or habitual juvenile offender program because the child meets the criteria in section 985.31, Florida Statutes. The placement shall be for an indeterminate period but no longer than the maximum sentence allowed by law or the child’s 21st birthday, whichever comes first. The child is allowed.days credit for time spent in secure detention or incarceration before this date. The child shall be placed on .home detention with/without *59 electronic monitoring/secure detention.until placement.
.... placed in a maximum risk program because the child meets the criteria in section 985.313, Florida Statutes. The placement is for an indeterminate period of time but no longer than the maximum sentence allowed by law or the child’s 21st birthday, whichever comes first. The child is allowed . days credit for time spent in secure detention or incarceration before this date. The child shall be placed on.home detention .with/without. electronic monitoring/seeure detention. until placement.
... The court has orally pronounced its reasons for adjudicating and committing this child.
... The court retains jurisdiction to accept or reject the discharge of this child from commitment, as provided by law. ... The child is placed on post-commitment juvenile probation.
... JUVENILE PROBATION: The child is .placed on/continued in.juvenile probation under supervision of.the Department of Juvenile Justice/.(name).for an indefinite period not to exceed the child’s 19th birthday or the maximum term of imprisonment an adult could receive for each count listed above, whichever comes first.
... DISMISS: The case is dismissed.
... Disposition on each count is .concurrent/consecutive.
... This case disposition is.concurrent/consecutive.with case number
GENERAL CONDITIONS OF JUVENILE PROBATION. The child shall abide by all of the following conditions:
1.The child shall obey all laws.
2. The child shall be employed full-time or attend school with no unexcused absences, suspensions, or disciplinary referrals.
3. The child shall not change or leave .his/her.residence, school, or place of employment without the consent of .his/her. parents and juvenile probation officer.
4. The child shall answer truthfully all questions of.his/her.juvenile probation officer and carry out all instructions of the court and juvenile probation officer.
5. The child shall keep in contact with the juvenile probation officer in the manner prescribed by the juvenile probation officer.
6. The child shall not use or possess alcoholic beverages or controlled substances.
SPECIAL CONDITIONS OF JUVENILE PROBATION. The child shall abide by all of the conditions marked below:
.Restitution is ordered. Parent and child are responsible, .jointly and severally.
.Amount is reserved.
. $. to be paid to .(name).Payments shall begin .(date). and continue at the rate of $.each month.
.The court retains jurisdiction under F.S; Chapter 985, Florida Statutes, to enforce its restitution order, regardless of the age of the child.
.Community Service.hours are to be performed by the child at the rate of . hours per month. Written proof is to be provided to the juvenile probation officer.
.A letter of apology to be written by the child to .(name). within *60 .days. The letter must be a minimum of.words.
.A.word essay to be written by the child on .(subject). and provided to the juvenile probation officer within 30 days.
.The child may have no .contact with victim(s), .(name(s)).
. A .mental health/substance abuse. evaluation to be completed by the child within . days. The child will attend and participate in every scheduled appointment and successfully attend and complete any and all recommended evaluations and treatment.
. The parent(s) .is/are. to complete counseling in.
.A curfew is set for the child at. p.m. Sunday through Thursday and .p.m. Friday and Saturday.
. The child’s driver’s license is .suspended/revoked/withheld. for.(time period).
.The child is to complete a.detention/jail/prison . tour within .days.
.The child will be subject to random urinalysis.
.The child will be electronically monitored.
.The child will successfully complete all sanctions of the original juvenile probation order.
. Other: .
. The child must pay court costs of $.
GUN CHARGES
. The court finds that one of the above charges involves the use or possession of a firearm and further ORDERS the following:
. The child’s driver’s license is .suspended/revoked. for ..years.
. The child is to serve .5/10. days in the Juvenile Detention Center.
THE COURT FURTHER FINDS AND ORDERS:
.The child has violated Chapter 794, Florida Statutes (sexual battery) and is ordered to make restitution to the Crimes Compensation Trust Fund under F-.-S — section 960.28(5), Florida Statutes, for the cost of the forensic physical examination.
.The child.has been adjudicated delinquent/has entered a plea of no contest/has entered a plea of guilty.to an offense under F.S.-Chapter 794,-efqr 800, RR sections 782.04, 784.045, 810.02, 812.133, 812.135, Florida Statutes, or any other offense specified in RRsection 943.325, Florida Statutes, and the child is required to submit blood specimens under RRsection 943.325, Florida Statutes.
. Under Resection 985.231(l)(b), Florida Statutes:
. the parent/legal guardian, .(name)., shall pay to the Department of Juvenile Justice, 2737 Cen-terview Drive, Tallahassee, FL 32399-3100, $.5 per day for each day the child resides-in- a commitment-faeilityis in residential commitment.
. the parent/legal guardian, .(name)., shall pay to the Department of Juvenile Justice, 2737 Cen-terview Drive, Tallahassee, FL 32399-3100, $1 per day for each day the child is on probation or conditional release.
T-r-r^-s-tiie-parent/legai-guardian, .(name)., shall pa3r to the Department of Juvenile-Justice, 2737 Cen-terview Drive — Tallahassee, FL 32399-3100, $... .■ — for each day the child re *61 sides in a commitment facility. — The .amount m-us£-be-no-less-than $2 per day for placement outside the home-and-$l per day for other placement. The main-te-nanee-fee-is- -reduced to $. on a finding-of-inability to pay/indigency:
-the-par-ent/Legal-guardian, .(name)., shall pay to the Department-of-Juvenile Justice, 2737 Cen-terview-Drive, Tallahassee, FL 32399-3-100, $. for eaeh-day-the.child resides in a-eommitment-facility. — The fee ■is waived-on-a-findlng that the parent/legal-gaardian-; f .-. .was the vietan-of-the delinquent-aet-or--violation of law and has cooperafed-in~the investigation and prosecution-of- the offense/has-made' a good faith-effort, to prevent-the child from-engaging in the delinquent act or violation of law.
.... the parent/legal guardian, .(name)., shall pay to the Department of Juvenile Justice, 2737 Cen-terview Drive, Tallahassee, FL 32399-3100, a REDUCED fee of $.... per day for each day the child is in the custody of or supervised by the department. This reduced fee is based on the court’s finding:
.that the parent/legal guardian was the victim of the delinquent act or violation of law for which the child is currently before the court and is cooperating in the investigation of the offense.
. of indigency or significant financial hardship. The facts supporting this_finding_are:
... The cost of care/supervision fee is WAIVED based on the court’s finding:
.that the parent/legal guardian was the victim of the delinquent act or violation of law for which the .child is currently before the court and is cooperating in the investigation of the offense.
... of indigency or significant financial hardship. The facts supporting this_ finding_ are:
..The_parent/guardian, .(name).,.(address) shall be liable for .% of the payment._The_parent/guardian, .(name).,.(address)., shall be liable for .’% of the payment.
The child is placed on notice that the court may modify the conditions of .his/ her. juvenile probation at any time and may revoke the juvenile probation if there is a violation of the conditions imposed.
The parties are advised that an appeal is allowed within 30 days of the date of this order.
DONE AND ORDERED in .(city)., . County, Florida on .(date)., at . a.m./p.m.
Circuit Judge
Copies to: .